IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Caroline Bowen, Holly Saleeby Atkins, Thomas S. Tisdale, Jr., Edward S. McDonnell, Catharine McDonnell, Nelson R. Parker, and John Calhoun Land IV, | Civil Action No. 3:12-173-MBS |
| Plaintiffs, | **ORDER AND OPINION** |
| vs. | |
| Ashley F. Houser, Thomas E. Connelly, Jr., James F. Hardman, Thomas C. Jackson, Adelaide Cox McMaster, Thomas E. Peeples, David R. Renaker, Gary L. Rowe, Brian R. Samson, Stanley R. Smith, and J. Emory Ware, *individually and as officers and directors of BankMeridian*, | |
| Defendants, | |
| and | |
| Federal Deposit Insurance Corporation, | |
| Intervenor. | |

On August 10, 2010, Plaintiffs filed a putative class action against Defendants in South Carolina state court. Plaintiffs all owned shares of BankMeridian, a federally insured bank, and sought certification of a class comprising all shareholders except for Defendants. Defendants were officers and directors of BankMeridian. Plaintiffs asserted causes of action for negligence, recklessness, and breach of fiduciary duty against all Defendants. Plaintiffs also alleged that the directors had improperly hired, supervised, and retained the officers, and sought to have the

1

directors removed. In essence, Plaintiffs alleged that Defendants had grossly mismanaged BankMeridian and caused the value of its stock to plummet.

Defendants removed the case to this court on September 14, 2010. Defendants asserted that jurisdiction was proper based on the Class Action Fairness Act ("CAFA") and because the case "arises under an act regulating commerce, i.e., the National Bank Act, 12 U.S.C. § 21." *See Bowen v. Houser*, No. 10-2398 (D.S.C.) (ECF No. 1 at 5). On February 3, 2011, this court granted Plaintiffs' motion to remand. *Id.* (ECF No. 32). The court found that Plaintiffs' claims did not arise under federal law or necessarily depend on any substantial question of federal law. Furthermore, although the court found that Plaintiffs had not established the basis for a mandatory "local controversy" remand under CAFA, the court granted a discretionary remand under CAFA based on the interests of justice and the totality of the circumstances.

On July 29, 2011, the Office of the Comptroller of the Currency closed BankMeridian and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. ECF No. 2 at 2. The FDIC filed a motion to intervene in the state court action on the ground that it had succeeded to "all rights, titles, powers, and privileges of [BankMeridian], and of any stockholder, member, accountholder, depositor, officer, or director of such institution and the assets of the institution." 12 U.S.C. § 1821(d)(2)(A)(i); ECF No. 2-3 at 5. The state court granted this motion on December 20, 2011. ECF No. 2-3 at 26-31. Defendants filed a motion to dismiss on the ground that Plaintiffs' causes of action are derivative, and the FDIC now has the exclusive right to pursue derivative claims on behalf of BankMeridian. *Id.* at 11-12. On December 20, 2011, the state court denied this motion, holding that Plaintiffs had asserted direct claims against Defendants rather than derivative claims on behalf of BankMeridian. *Id.* at 14-25. On January

10, 2012, Defendants moved the state court to reconsider this ruling, arguing that the state court had erroneously determined that Plaintiffs' claims are not derivative in nature. ECF No. 5.

On January 18, 2012, the FDIC removed the action to this court once again. ECF No. 2. The FDIC contends that "[a]ll suits to which the FDIC is a party, in any capacity, are deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); ECF No. 2 at 2. The reconsideration motion filed in state court remains pending. Also, on February 21, 2012, the FDIC filed a motion to dismiss on the ground that Plaintiffs' claims are derivative and Plaintiffs lack standing to bring such claims. ECF No. 16. Plaintiffs filed a response on March 9, 2012, and the FDIC filed a reply on March 16, 2012. ECF No. 17 & 18.

## STANDARD OF REVIEW

A plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

## DISCUSSION

Generally, a shareholder of a corporation has no standing to assert legal claims based on harm to the corporation. Although the shareholder is indirectly harmed by any harm to the corporation, only the corporation itself may bring an action to redress this harm. Normally a corporation would act through its officers and directors, but in cases where the officers and directors wrongfully refuse to assert the corporation's rights or have conflicts of interest, a shareholder may bring an equitable "derivative" action in the name of the corporation. *See Ward*

*v. Griffin*, 367 S.E.2d 703, 704 (S.C. 1988). In essence, a derivative action is one "in which the right claimed by the shareholder is one the corporation could itself have enforced in court." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 529 (1984). On the other hand, a shareholder who suffers some direct injury – an injury that is separate and distinct from any harm to the corporation and does not flow indirectly from a harm to the corporation – may bring an action seeking redress for this injury. *Brown v. Stewart*, 557 S.E.2d 676, 684-85 (S.C. Ct. App. 2001).

Because BankMeridian has been closed and the FDIC has been appointed as the receiver, the FDIC has now inherited by operation of law any and all claims owned by BankMeridian. Accordingly, the parties agree that the shareholders are barred from bringing derivative actions on behalf of BankMeridian. However, the dispute concerns whether the claims asserted by Plaintiffs may properly be asserted as direct claims.

I.  **Stock as Personal Property**

Plaintiffs first argue that because shares of stock are the personal property of the shareholders, any decrease in the market value of the shares is a direct loss to each shareholder's personal property that is separate and distinct from any loss suffered by the corporation. It is true, as Plaintiffs argue, that shares of stock are considered the personal property of the shareholders. *See AFP Imaging Corp. v. Ross*, 780 F.2d 202, 204 (2d Cir. 1985). It is likewise true that "[i]f misconduct by the management of a corporation has caused a *particular* loss to an individual stockholder, the liability for the mismanagement is an asset of the individual stockholder" rather than the corporation. *See Ward*, 367 S.E.2d at 703 (emphasis added). However, it does not follow that mismanagement of a corporation which results in a decrease in its stock value entitles each shareholder to sue the managers for a direct harm to his "personal

property." A decrease in the value of all outstanding stock is in no way "separate" or "distinct" from the harm to the corporation that causes such a decrease; rather, it flows directly from this harm. Plaintiffs' contention would abolish the concept of a derivative action.

## II. Direct Duty Owed to Shareholders

Plaintiffs next argue that they may sue Defendants directly because under South Carolina law, the officers and directors of a corporation owe a fiduciary duty directly to the shareholders as well as to the corporation itself. In *Clearwater Trust v. Bunting*, 626 S.E.2d 334, 339 (S.C. 2006), the South Carolina Supreme Court endorsed "the notion that officers and directors owe duties to shareholders as well as the [corporation]" and spoke of "a direct duty owed to shareholders." However, in the same case, the supreme court noted that the appellants "allege[d] corporate malfeasance that resulted in identical harm to all shareholders," and held that "such a breach of fiduciary gives rise to a classic shareholders' derivative suit." *Id.* The supreme court also cited *Brown v. Stewart*, 557 S.E.2d 676 (S.C. Ct. App. 2001), for the proposition that "diminution in value of stock suffered by all shareholders must be brought as a derivative action." *Id.* Despite the language speaking of a "direct" duty, there is no authority allowing a shareholder to sue corporate officers and directors directly for mismanagement under the theory that they have breached a duty owed directly to the shareholder and harmed him by causing the value of his stock to decrease.

## III. Exception to Derivative Action Where "Full Relief" Cannot Be Obtained

Plaintiffs further argue that they may sue Defendants directly because "[a]n individual action is . . . allowed if the alleged wrongdoers owe a fiduciary relationship to the stockholder and full relief to the stockholder cannot be had through a recovery by the corporation." *Brown*,

557 S.E.2d at 687 (citing 19 Am. Jur. 2d *Corporations*, § 2268 [now codified as § 1956]). Plaintiffs argue based on this authority that even if an action against officers and directors based on a decrease in stock value must normally be brought as a derivative action, it may proceed as a direct action whenever the shareholders cannot be made whole through a recovery by the corporation. Plaintiffs contend that they would receive no benefit whatsoever from a recovery by BankMeridian because "[a]ny recovery paid directly to the corporation will be seized by the FDIC." ECF No. 17-3 at 9.

Despite this language in *Brown*, the broad proposition advanced by Plaintiffs is unsupported by South Carolina law. Neither *Brown* nor the cases cited in *American Jurisprudence* on which it relied allowed a classic derivative suit to proceed directly simply because shareholder plaintiffs could not obtain full relief through a recovery by the corporation. Rather, the South Carolina Supreme Court has upheld the derivative action requirement in situations where shareholders were unlikely to obtain full relief. In *Babb v. Rothrock*, 401 S.E.2d 418, 419-20 (S.C. 1991), the South Carolina Supreme Court rejected shareholders' attempts to assert direct claims against the directors of a bankrupt corporation because the claims should have been brought in a derivative action, stating that:

> the record discloses the presence of a reason compelling a derivative action, to wit, protection of corporate creditors. [The corporation] has disposed of its assets and is bankrupt. The claims of corporate creditors may be jeopardized if individual shareholders are permitted to satisfy their personal debts by raising a claim which can only be asserted by the corporation. As between the creditors and shareholders, the interest of the creditors must prevail.

The South Carolina Supreme Court's opinion in *Babb* makes clear that in some situations, such as corporate bankruptcy, the demands of corporate creditors take precedence over shareholders' desire for "full relief." This in itself explains why any assets belonging to the

6

corporation must be put back into the corporation rather than being paid to shareholders directly. In this case, the FDIC took over BankMeridian largely to protect its depositors and creditors. *See, e.g.*, 12 U.S.C. § 1821(c)(5). Assuming Defendants have in fact breached their duties by mismanaging BankMeridian, the FDIC properly owns any claims the bank may have against its officers and directors. Any money recovered in such actions could be used to pay depositors and creditors. In fact, the Federal Deposit Insurance Act ("FDIA") explicitly requires that the FDIC, when acting as a receiver of a failed institution, satisfy all claims of depositors and creditors before paying any shareholder claims. 12 U.S.C. § 1821(d)(11)(A). In the five-tier hierarchy of claim payments, shareholders are last. *See id.* Allowing Plaintiffs to file direct claims against the officers and directors would turn this scheme on its head and improperly give the claims of shareholders priority over the claims of depositors and creditors. Such a result is not required by South Carolina law.

**IV.** ***Thomas* Exception to Derivative Action**

Plaintiffs finally argue, based on the exception recognized in *Thomas v. Dickson*, 301 S.E.2d 49 (Ga. 1983), that a derivative action should not be required here because the underlying reasons for such a requirement are absent. In *Babb*, the South Carolina Supreme Court considered whether to recognize an exception to the derivative action requirement based on *Thomas* where "the underlying reasons for requiring a derivative action [are] absent." *Babb*, 401 S.E.2d at 419. In *Brown*, the South Carolina Court of Appeals listed the reasons for requiring a derivative action as (1) preventing a multiplicity of lawsuits by shareholders; (2) protecting corporate creditors by putting the proceeds of the recovery back into the corporation; (3) protecting the interests of all shareholders by increasing the value of their shares instead of

7

allowing a recovery by one shareholder to prejudice the rights of others not a party to the suit; and (4) adequately compensating the injured shareholder by increasing the value of his shares. *Brown*, 557 S.E.2d at 685 (citing *Thomas*, 301 S.E.2d at 51).

First, it is not clear that South Carolina has adopted Georgia's *Thomas* exception to the derivative action requirement. In *Babb*, the South Carolina Supreme Court declined to expressly adopt this exception and held only that "[a]ssuming we should adopt the *Thomas* exception, these defendants would not be entitled to its benefit." *Babb*, 401 S.E.2d at 419. Furthermore, the South Carolina Court of Appeals in *Brown* held that the plaintiff "may not rely on the *Thomas* exception" and did not discuss whether, or to what extent, the exception was being adopted. *Brown*, 557 S.E.2d at 685.

Assuming the *Thomas* exception is available under South Carolina law, the reasons for requiring a derivative action are not absent here. As explained above, requiring the shareholders to proceed through a derivative will protect BankMeridian's depositors and creditors by allowing the FDIC to preferentially allocate any recovery to depositors and creditors.

[continued on following page]

## **CONCLUSION**

Plaintiffs' action is derivative in nature. Because the FDIC owns all derivative claims belonging to BankMeridian, Plaintiffs lack standing to assert derivative claims on behalf of BankMeridian and therefore have not stated a claim showing that they are entitled to relief. Accordingly, the FDIC's motion to dismiss is granted, and Plaintiffs' complaint is dismissed with prejudice. Defendants' motion for reconsideration is denied as moot.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
July 13, 2012